CARSON MESSINGER ELLIOTT
LAUGHLIN & RAGAN, P.L.L.C.
3300 N. Central Avenue, Suite 1900
Phoenix, Arizona 85012
Tel. (602) 264-2261, Fax (602) 277-4507
rgalvan@carsonlawfirm.com
Richard J. Galván
(SBN 004836)
Attorneys for Plaintiff
Rgalvan@carsonlawfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickey Sarantis,<br><br>    Plaintiff,<br><br>vs.<br><br>ADP, Inc, a foreign corporation; Kenneth Olden and Jane Doe Olden, husband and wife,<br><br>    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff Vickey Sarantis, for her complaint against Defendants, alleges as follows:

## PARTIES

1.  Plaintiff Vickey Sarantis (hereinafter "Plaintiff") is and at all relevant times was a single woman and a resident of Maricopa County, State of Arizona.

2.  Defendant ADP, Inc. (hereinafter "ADP") is a foreign corporation authorized to do and doing business in Maricopa County, State of Arizona.

3.  Upon information and belief, at all relevant times, Defendants Kenneth Olden and Jane Doe Olden were husband and wife and residents of Maricopa County, State of Arizona.

4.  At all relevant times, Defendant Kenneth Olden was employed by ADP and acted within the scope of his employment with ADP.

5.  At all relevant times, Defendants Kenneth Olden and Jane Doe Olden acted in furtherance of their marital community.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e-5(f)(1) and (3); §§2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

7. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

8. At all relevant times, ADP has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

9. More than thirty days prior to the institution of this lawsuit Plaintiff filed charges of discrimination with the Equal Employment Commission alleging violations of Title VII by ADP. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS

10. Plaintiff has worked for ADP in its Desert Mountain Region, Major Accounts Division, from July 2002 to the present as a sales representative or, as her position is officially designated by ADP, "District Manager."

11. At all relevant times until the end of April, 2006, Defendant Kenneth Olden was the Assistant Vice President of Sales for the Desert Mountain Region, Major Accounts Division.

12. At all relevant times until the end of April, 2006, Defendant Kenneth Olden supervised Sales Executive Scott Kaiden to whom Plaintiff directly reported.

13. Defendant Kenneth Olden made Plaintiff's work environment abusive, intimidating and sexually hostile.

14. Plaintiff's work environment included unwelcome leering, groping, comments, emails, phone messages, text messages and other unlawful conduct of a sexual nature, including requests for sexual favors, by and from Defendant Kenneth Olden and by and from at least one other individual in a supervisory capacity in the Desert Mountain Region.

15. The abusive and unwelcome leering, groping, comments, emails, phone messages, text messages and other unlawful conduct of a sexual nature were severe and pervasive.

16. When Plaintiff failed to submit to his unwelcome sexual advances, Defendant Kenneth Olden took tangible employment action against her by substantially changing her account responsibilities at the beginning of ADP's Fiscal Year 2006 which began on July 1, 2005, and ran through the end of June, 2006.

17. When Plaintiff questioned Defendant Kenneth Olden about the change in her account responsibilities shortly after the change had been made, he responded with the following or similar words, "You never did anything for me. You had plenty of chances and time to give something back to Uncle Ken and you never did."

18. As a result of her changed account responsibilities, Plaintiff could not meet her Fiscal Year 2006 sales quota even though in each of the previous three fiscal years she had exceeded her sales quota and made the President's Club, an honor achieved by only the most productive sales representatives.

19. On December 1, 2005 Plaintiff was placed on Verbal Warning by her Sales Executive, Scott Kaiden, because her performance measured against her established quota was not satisfactory.

20. In weekly meetings with her sales executive from January, 2006 through the middle of April, 2006, she was repeatedly told that, "Ken wants you out."

21. On April 4, 2006, Plaintiff received a Written Warning for unsatisfactory sales performance.

22. On that same day, after receiving the written warning, Plaintiff complained to ADP Human Resources Department about the sexual harassment she had experienced and was experiencing.

23. ADP Human Resources Department promised Plaintiff that her complaint would be promptly investigated.

24. Ten days later on April 14, 2006, because of no apparent action by ADP, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination as a result of Defendant Kenneth Olden's sexual harassment and retaliation against her for refusing his sexual advances.

25. On April 18, 2006, Plaintiff was terminated by her Sales Executive, Scott Kaiden, for not achieving her sales quota.

26. Scott Kaiden then escorted Plaintiff from his office to her desk where he demanded that she immediately surrender to him her laptop, computer keyfob and badge in the full view and hearing of the office staff.

27. While she was gathering her personal belongings, Plaintiff emailed ADP Human Resources Department about her termination.

28. Shortly thereafter Mary Ann Zimmerman of ADP Human Resources Department told Plaintiff in person that there was a "misunderstanding" and that she had not been terminated.

29. Plaintiff related to Ms. Zimmerman that she had been humiliated by what had happened and that she was emotionally spent.

30. ADP Human Resources advised Plaintiff to go home and to wait to be contacted, which Plaintiff did.

31. The following day, which was two weeks after her initial complaint of sexual harassment to ADP, Plaintiff and a friend met with an attorney from ADP Corporate Legal and Ms. Zimmerman about the sexual harassment complaint.

32. The ADP attorney conducted an abrasive and disrespectful interview of

Plaintiff.

33. The ADP attorney concluded the interview by asking Plaintiff what she wanted, to which Plaintiff responded by saying she wanted to be made whole, including lost wages, new managerial supervision, expungement of her records, and sexual harassment training for the office management and staff.

34. The ADP attorney promised Plaintiff that she would be promptly apprised about the results of the investigation of her complaint.

35. Several days later a co-worker complained to Plaintiff about the ADP attorney's overbearing and condescending investigatory style when the co-worker had been interviewed.

36. Thereafter, Plaintiff complained by email to the ADP's CEO and other upper management about how the investigation was being conducted.

37. On or about April 26, 2006, Beverly Williams, Vice President of Corporate Employment Law, called Plaintiff and assured her that the investigation would be properly conducted.

38. Ms. Williams also asked Plaintiff what she wanted as relief. Plaintiff again stated that she wanted to made whole, including lost wages, new managerial supervision, expungement of her records, and sexual harassment training for the office management and staff.

39. During the same conversation, Ms. Williams promised Plaintiff, as she had been promised by the ADP attorney, that she would be immediately informed of the results of the investigation by no later than April 28, 2006.

40. When Plaintiff had heard nothing by noon on May 1, 2006, Plaintiff sent Ms. Williams an email complaining about the lack of information. It was not until the end of the workday on May 1, when a coworker telephoned that it had just been announced that "Ken had stepped down," that Plaintiff learned that the investigation had apparently been concluded. Neither Ms. Williams, ADP Human Resources nor anyone else at ADP contacted Plaintiff promptly at the conclusion of the investigation as she had been

5

repeatedly promised.

41. On the evening of May 1, Plaintiff received an email from Ms. Zimmerman Williams about setting up a conference call.

42. The following day Mr. Domanski of ADP Human Resources and Ms. Zimmerman called Plaintiff and informed her that ADP had taken care of her problem as Defendant Kenneth Olden had been terminated. Plaintiff was further advised that she had her job back and that she needed to report back to work the following day at 8:00 a.m.

43. Plaintiff responded by stating that terminating Defendant Kenneth Olden did not make her whole. She asked about the wages she had lost as a result of the sexual harassment, new managerial supervision, expungement of her records, and sexual harassment training for the office management and staff.

44. Mr. Domanksi refused to provide Plaintiff with any of her requested relief or any other relief except that he told Plaintiff that she would be given severance pay if she quit.

45. On June 7, 2006, Plaintiff's Sales Executive, Scott Kaiden, sent her an email entitled "May Performance Recap," stating that her performance had not improved and referencing the April 4 Written Warning.

46. Eight days later Plaintiff responded to Mr. Kaiden's email. Among other things, she said that her poor sales performance resulted from the change in her account responsibilities made by Defendant Kenneth Olden back in July because she had refused his sexual overtures.

47. On June 12, 2006, Plaintiff filed a second charge of discrimination with the EEOC, alleging that she was still being retaliated against for having refused Defendant Kenneth Olden's sexual advances and for also having filed the first charge of discrimination.

48. The second charge is like and related to the first charge of discrimination and grows out of the first.

49. Upon information and belief, ADP had knowledge or should have had

knowledge of Defendant Kenneth Olden's unlawful conduct referenced above and failed to take effective, corrective action.

50. Upon information and belief, Defendant ADP facilitated Defendant Kenneth Olden's harassment, intimidation and/or assaults against females employed by Defendant ADP, including Plaintiff.

51. Upon information and belief, Defendant Kenneth Olden threatened and/or intimidated others employed by ADP.

52. Upon information and belief, Defendant Kenneth Olden threatened and/or intimidated other females prior to the dates he threatened and/or intimidated Plaintiff.

53. Upon information and belief, Defendant Kenneth Olden used his authority at ADP as a means of retaliation and as a way to secure silence about his unlawful activities.

54. The EEOC issued a Notice of Right to Sue on or about June 9, 2006 with respect to Plaintiff's first charge of discrimination which permits her to bring this lawsuit within 90 days of her receipt of the Notice. Plaintiff has requested a Notice of Right to Sue with the respect to her second charge of discrimination no such Notice has been issued.

55. This Complaint is timely filed.

56. Plaintiff has complied with all of the administrative requirements for filing suit under Title VII of the Civil Rights Act of 1964, as amended.

## COUNT I

**(Title VII - Sex Discrimination)**

57. Plaintiff hereby repleads and incorporates all allegations set forth above.

58. Plaintiff is an employee as provided in 42 U.S.C. 2000(e)(a).

59. ADP has been engaged in an industry affecting commerce and at all relevant times employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

60. ADP is an employer as provided in 42 U.S.C. 2000(e)(b).

61. ADP intentionally discriminated against Plaintiff because of her sex, in

violation of Title VII of the Civil Rights Act of 1964, by denying her equal terms, conditions and privileges of employment.

62. As a direct and proximate result of ADP's conduct, Plaintiff has suffered and continues to suffer damages in amounts to be proven at trial, including damages as a result of embarrassment, pain and suffering, mental distress, ordeal, humiliation, stress, anxiety and emotional distress.

63. The conduct of ADP and Defendant Kenneth Olden was in reckless disregard of the emotional distress that they-knew and/or should have known would occur or was likely to occur as a result of Defendant Kenneth Olden's conduct and as a result of the manner in which ADP conducted its investigation of Plaintiff's sexual harassment complaint.

64. ADP is strictly liable for Defendant Kenneth Olden's conduct.

## COUNT II

### (Intentional Infliction of Emotional Distress)

65. Plaintiff hereby repleads and incorporates all allegations set forth above.

66. Defendants' acts complained of above, were extreme and outrageous as to go beyond all possible bounds of decency.

67. Defendants owed a duty to Plaintiff and to all of ADP's employees to avoid and prevent the actions that caused the emotional distress alleged above by Plaintiff.

68. As a direct and proximate result of Defendant Kenneth Olden's extreme and outrageous conduct which was compounded by the manner in which ADP retained and supervised him and by the manner in which it conducted its investigation of her sexual harassment complaint and its post-investigation treatment of Plaintiff, Plaintiff has suffered emotional distress and has been harmed in an amount to be proven at trial.

69. ADP's above conduct was made with malice and/or an evil mind.

70. ADP's conduct was in reckless disregard of Plaintiffs' rights.

71. Plaintiff is entitled to recover punitive damages from ADP as a result of ADP's and Defendant Kenneth Olden's conduct as set forth above.

## COUNT III

### (Negligent Retention)

72. Plaintiff hereby realleges and incorporates all allegations set forth above.

73. Defendant Kenneth Olden had certain unlawful proclivities or tendencies of which ADP knew or should have known.

74. Despite ADP's knowledge of Defendant Kenneth Olden's unlawful proclivities or tendencies and therefore despite ADP's knowledge of a foreseeable risk of harm to third parties, ADP negligently retained Defendant Kenneth Olden in its employment.

75. ADP owed a duty to Plaintiff and to all of ADP's employees to avoid and prevent the actions that constituted the negligence alleged above by Plaintiff.

76. As a direct and proximate result of ADP's negligence Plaintiff has suffered injuries and damages and will continue to suffer injuries and damages in amounts to be proven at trial.

77. ADP's above conduct was made with malice and/or an evil mind.

78. ADP's conduct was in reckless disregard of Plaintiff's rights.

79. Plaintiff is entitled to recover punitive damages from ADP as a result of ADP's and Defendant Kenneth Olden's conduct as set forth above.

## COUNT IV

### (Negligent Supervision)

80. Plaintiff hereby realleges and incorporates all allegations set forth above.

81. Defendant Kenneth Olden had certain unlawful proclivities or tendencies of which ADP knew or should have known.

82. Despite ADP's knowledge of Defendant Kenneth Olden's unlawful proclivities or tendencies and therefore despite ADP's knowledge of a foreseeable risk of harm to third parties, ADP negligently supervised Defendant Kenneth Olden.

83. ADP owed a duty to Plaintiff and to all of ADP's employees to avoid and prevent the actions that constituted the negligence alleged above by Plaintiff.

84. As direct and proximate result of ADP's negligence, Plaintiff has suffered injuries and damages and continues to suffer injuries and damages in amounts to be proven at trial.

85. ADP's above conduct was made with malice and/or an evil mind.

86. ADP's conduct was in reckless disregard of Plaintiffs' rights.

87. Plaintiff is entitled to recover punitive damages from ADP as a result of ADP's and Defendant Kenneth Olden's conduct as set forth above.

## COUNT V

### (Temporary and Permanent Injunction)

88. Plaintiff hereby realleges and incorporates all allegations set forth above.

89. As stated above, Defendants' actions have been continuous, pervasive, injurious, and even continued after Plaintiff lodged complaints with various ADP personnel and with the EEOC.

90. Plaintiff is entitled to an order of this Court protecting plaintiff and other employees from ADP's actions which order will directly order ADP to cease the actions which are alleged above to be unlawful and injurious.

91. Plaintiff is also entitled to an order of this Court which requires ADP to institute and carry out policies, practices, and programs, which will provide equal employment opportunities for women and those who oppose unlawful employment discrimination, and which will eradicate the effects of ADP's past and present unlawful employment practices.

92. If this Court does not issue a temporary and/or permanent injunction as demanded herein, Plaintiff will be irreparably, immediately, and permanently injured by the actions of ADP, as to which Plaintiff will have no adequate or equally plain and speedy remedy at law.

93. There will be no material harm to ADP if this Court enters such a temporary and/or permanent injunction against ADP's continuing to conduct itself in said unlawful and injurious manner.

94. The hardships balance in favor of Plaintiff and an injunction should issue to return to the *status quo ante* pending resolution of the issues in this matter.

95. Plaintiff is entitled to a permanent injunction upon resolution of this action on the merits to fully prevent any continuation of the unlawful and injurious actions of ADP as alleged above.

## DEMAND FOR JURY TRIAL

96. Plaintiff hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. Order Defendants to make Plaintiff whole by paying to Plaintiff her lost wages, in amounts to be proven at trial, along with prejudgment interest, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful practices.

B. Order Defendants to make Plaintiff whole by paying to Plaintiff her past and future pecuniary and non-pecuniary losses resulting from the unlawful practices complained of above, including compensation for her damages for emotional pain and suffering, her anguish, distress, humiliation, embarrassment, anxiety and ordeal, in amounts to be determined at trial.

C. Grant a permanent injunction enjoining ADP, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

D. Order ADP to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women and those who oppose unlawful employment discrimination and eradicate the effects of ADP's past and present unlawful employment practices.

E. Order ADP to implement training and monitoring programs regarding sex discrimination and sexual harassment, which programs are to be administered by an entity external to and independent of ADP.

F. Order Defendants to pay Plaintiff punitive damages for their conduct, in

1 amounts to be determined at trial.

2   G. Order Defendants to pay damages to Plaintiff as a result of Defendant ADP's and Defendant Kenneth Olden's negligent and intentional infliction of emotional distress upon Plaintiff.

   H. Order ADP to pay damages to Plaintiff for its negligent retention and negligent supervision of Defendant Kenneth Olden.

   I. Award Plaintiff her reasonable attorney's fees and costs;

   J. Award Plaintiff all prejudgment interest and post-judgment interest on any awards at the highest rate allowed by law; and

   K. Grant such other and further relief as this Court deems just, appropriate and proper.

RESPECTFULLY SUBMITTED this 7th day of September, 2006.

**CARSON MESSINGER ELLIOTT LAUGHLIN & RAGAN, P.L.L.C.**

By_____/s/ RJG 004836_____

Richard J. Galván
Attorneys for Plaintiff