Neil M. Alexander; AZ Bar No. 020757
nalexander@littler.com
Kristin R. Culbertson, AZ Bar No. 020801
kculbertson@littler.com
Cyrus B. Martinez; AZ Bar No. 021207
cmartinez@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone:   602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendant
ADP, INC.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickey Sarantis, a single woman<br><br>Plaintiff,<br><br>v.<br><br>ADP, Inc., a foreign corporation<br><br>Defendant. | Case No. 2:06-CV-02153-PHX-DGC<br><br>**DEFENDANT'S MOTION IN *LIMINE* REGARDING POST EMPLOYMENT ATMOSPHERE AT ADP** |

## I.    INTRODUCTION

Defendant ADP moves for an Order precluding Plaintiff Sarantis from introducing any evidence related to the work environment at ADP after the termination of her employment with Defendant.

## II.    LAW AND ARGUMENT

Evidence that is irrelevant to any issue that the jury must determine is inadmissible at trial.  FED. R. EVID. 402; *United States v. Manning*, 509 F.2d 1230 (9th Cir. 1974), *cert. denied*, 423 U.S. 824 (1975).  Relevant evidence is "[e]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.

Likewise, Rule 403 limits the admissibility of otherwise relevant evidence when

countervailing factors "substantially outweigh" its probative value. FED. R. EVID. 403. The countervailing factors include the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, waste of time, and needless presentation of cumulative evidence. *Id.*

Defendant reasonably anticipates that, consistent with her attempted testimony at the preliminary injunction hearing and the arguments raised in her Response to the Motion for Summary Judgment, Plaintiff will attempt to introduce the testimony of various witnesses and/or will offer exhibits discussing the atmosphere at ADP following her termination.

Specifically, Plaintiff submitted as an exhibit to her Response to the Motion for Summary Judgment a transcript of a voicemail purportedly left by ADP employee Shannon Radloff wherein Radloff states, somewhat cryptically, that she is aware of "unethical stuff" going on, and questions whether she should go to HR or not. According to Plaintiff's Statement of Facts, that voice message somehow demonstrates that ADP's Human Resources Department is not a reliable vehicle to redress issues.

Moreover, in the Statement of Facts supporting Plaintiff's Response, she mentions, in a footnote:

> [Cameron] Crouch has herself continued the "culture" at ADP by favoring male employees in recent times in return for their agreeing to have affairs with her. One such example of that favoritism (and of how ADP's written policies are easily disregarded) is a DM [AH][1] who recently was arrested for a DUI offense and his driving privileges were taken away. Instead of firing him as would have comported with ADP's written policy manual, this man was given a "driver" (another sale [sic] rep in training) by Ms. Crouch to drive him to sales calls and customer appointments at ADP's expense.

This "evidence" and the introduction of this type of testimony is not relevant to this matter, and will result in mini-trials of various employee issues and grievances – all unrelated to Plaintiff's claims, and involving individuals and fact patterns wholly separate and apart from those alleged by Plaintiff. In addition, those "mini trials" will confuse the

---

[1] Because this motion is a public record and this pertains to the criminal history of a third party, Defendants refers to the third party by his initials.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

jurors about which facts are appropriate for their determination, and the probative value of any evidence gleaned from such testimony is substantially outweighed by the danger of unfair prejudice it will create against Defendant.

## III.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order as follows:

IT IS ORDERED that Defendant's Motion in Limine regarding the post employment atmosphere at ADP is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is precluded from offering any evidence related to any alleged misconduct, or the atmosphere at ADP occurring after Plaintiff's termination.

DATED this 28th day of May, 2008

                                        s/ Kristin R. Culbertson
                                        Neil M. Alexander
                                        Kristin R. Culbertson
                                        Cyrus B. Martinez
                                        LITTLER MENDELSON, P.C.
                                        Attorneys for Defendant
                                        Defendant, Inc.

I hereby certify that on May 28, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Kevin R. Keating
Matthew H. Mason
CARSON MESSINGER, ELLIOTT, LAUGHLIN & RAGAN, P.L.L.C.
3300 N. Central Avenue
Suite 1900
Phoenix, AZ 85012
Attorney for Plaintiff

/s/ Ruth A. Mare
Firmwide:85294896.1 047374.1009

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-