Neil M. Alexander; AZ Bar No. 020757
nalexander@littler.com
Kristin R. Culbertson, AZ Bar No. 020801
kculbertson@littler.com
Cyrus B. Martinez; AZ Bar No. 021207
cmartinez@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone:  602.474.3600
Facsimile:   602.957.1801

Attorneys for Defendant
ADP, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickey Sarantis, a single woman<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ADP, Inc., a foreign corporation<br><br>　　　　　Defendant. | Case No. 2:06-CV-02153-PHX-DGC<br><br>**DEFENDANT'S MOTION IN *LIMINE* REGARDING EQUITABLE REMEDIES** |

## I.  INTRODUCTION

Defendant ADP, Inc. ("Defendant") hereby moves for an order precluding the Plaintiff Vickey Sarantis ("Plaintiff") from introducing any evidence regarding equitable remedies, including but not limited to, back pay and front pay. The issue of equitable remedies, if any, is a matter for the Court, and not the jury, to determine.

## II.  LAW AND ARGUMENT

### A.  Back and Front Pay Are Equitable Remedies for the Court to Determine.

Plaintiff claims that she was sexually harassed, and Defendant retaliated against her by taking away certain sales accounts and ultimately terminating her employment. Even if the jury finds for Plaintiff on her claims, the Court and not the jury must determine whether

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

to award her the equitable remedies of back pay and front pay and, if so, the amount of any such award.

Equitable remedies, like back pay and front pay, are issues for the Court to decide and not the jury. *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014 (9th Cir. 2000); *Lutz v. Glendale Union High Sch. Dist. No. 205*, 403 F.3d 1061 (9th Cir. 2005). In *Lutz*, the Ninth Circuit held "that there is no right to have a jury determine the appropriate amount of back pay under Title VII, . . . even after the Civil Rights Act of 1991." *Lutz*, 403 F.3d 1061 (9th Cir. 2005). There, the court allowed the jury to determine whether to award back pay and the amount of the award. Although the Court of Appeals found that the plaintiff had appropriately requested a jury trial on the issue of back pay, it agreed with the defendant's position that "back pay is a matter for resolution by the court, not an issue triable of right by a jury." *Id.* Thus, under *Lutz*, even if liability is found, "the district court must exercise its discretion to determine an appropriate amount of back pay, if any." *Id.* This argument applies with equal force to other equitable relief, including reinstatement/front pay. *Caudle*, 224 F.3d 1014..

**B.     Any Evidence of Economic Damages Would Be Irrelevant and Prejudicial.**

Evidence that is irrelevant to any issue that the jury must determine is inadmissible at trial. FED. R. EVID. 402; *United States v. Manning*, 509 F.2d 1230 (9th Cir. 1974), *cert. denied*, 423 U.S. 824 (1975). Relevant evidence is "[e]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Plaintiff seeks to introduce evidence, including testimony and exhibits, related to her claims for equitable relief, including her claim that she suffered economic damages. This evidence includes her pre-termination compensation and efforts to find subsequent employment. Given that the jury cannot determine Plaintiff's entitlement to back pay or front pay, all of this evidence should be excluded as irrelevant.

Even if any evidence regarding Plaintiff's alleged economic damages were relevant, it would be unduly prejudicial to admit this evidence under Federal Rule of Evidence 403.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

Rule 403 limits the admissibility of otherwise relevant evidence when countervailing factors "substantially outweigh" its probative value. FED. R. EVID. 403. The countervailing factors include the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, waste of time, and needless presentation of cumulative evidence. *Id.* All of these factors would be present if Plaintiff presents evidence of economic losses to the jury, which is responsible for determining liability but has no say in determining any equitable relief.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter an order as follows:

IT IS ORDERED THAT Defendant's Motion in Limine regarding equitable remedies is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is precluded from introducing any evidence, either by exhibit or testimony, in support of her claim for front pay, back pay or reinstatement.

DATED this 28th day of May, 2008

*s/ Kristin R. Culbertson*
Neil M. Alexander
Kristin R. Culbertson
Cyrus B. Martinez
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Defendant, Inc.

I hereby certify that on May 28, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1 | Kevin R. Keating
2 | Matthew H. Mason
    CARSON MESSINGER, ELLIOTT,
    LAUGHLIN & RAGAN, P.L.L.C.
3 | 3300 N. Central Avenue
    Suite 1900
4 | Phoenix, AZ 85012
    Attorney for Plaintiff
5 |
    */s/ Ruth A. Mare*
6 | Firmwide:85118320.1 047374.1009

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-