Kevin R. Keating; AZ Bar No. 012216
Matthew H. Mason, AZ Bar No. 025616
CARSON MESSINGER, ELLIOTT,
LAUGHLIN & RAGAN, P.L.L.C.
3300 N. Central Avenue
Suite 1900
Phoenix, A  854012
Telephone:   602.264.2261
Facsimile:   602.222.5536
Email:        kkeating@carsonlawfirm.com
              mmason@carsonlawfirm.com

Attorneys for Plaintiff
Vickey Sarantis

Neil M. Alexander; AZ Bar No. 020757
Kristin R. Culbertson, AZ Bar No. 020801
Cyrus B. Martinez, AZ Bar No. 021207
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801
Email:        nalexander@littler.com
              kculbertson@littler.com
              cmartinez@littler.com

Attorneys for Defendant
ADP, INC.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickey Sarantis, a single woman | Case No. 2:06-CV-02153-PHX-DGC |
| Plaintiff, | **PROPOSED JURY INSTRUCTIONS** |
| v. | |
| ADP, Inc., a foreign corporation, | |
| Defendant. | |

        Plaintiff Vickey Sarantis ("Plaintiff") and Defendant ADP, Inc. ("Defendant"), by and

through their undersigned counsel, hereby submit the following proposed jury instructions:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1

1

2          DATED this 28th day of May, 2008.

3    *s/ Kevin R. Keating*                           *s/ Neil M. Alexander*

4    Kevin R. Keating                               Neil M. Alexander

5    Matthew H. Mason                               Kristin R. Culbertson
     CARSON MESSINGER, ELLIOTT,                     Cyrus B. Martinez
6    LAUGHLIN & RAGAN, P.L.L.C.                     LITTLER MENDELSON, P.C.

7    Attorney for Plaintiff                         Attorneys for Defendant

8

9

10   I certify that the content of this document is
     acceptable to all persons required to sign the
11   document   and   that   authorization   to
     electronically sign this document has been
12   obtained.

13

14   *s/  Kristin R. Culbertson*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

2

# SECTION I

## Ninth Circuit Model Civil Jury Instructions Used by All Arizona Judges

| | | | |
|---|---|---|---|
| ST | § 1.1B | Duty of Jury |
| ST | § 1.2 | Claims and Defenses |
| ST | § 1.3 | Burden of Proof – Preponderance of the Evidence |
| ST | § 1.6 | What is Evidence |
| ST | § 1.7 | What is Not Evidence |
| ST | § 1.8 | Evidence for Limited Purpose |
| ST | § 1.9 | Direct and Circumstantial Evidence |
| ST | § 1.10 | Ruling on Objections |
| ST | § 1.11 | Credibility of Witnesses |
| ST | § 1.12 | Conduct of the Jury |
| ST | § 1.13 | No Transcript Available to Jury |
| ST | § 1.14 | Taking Notes |
| ST | § 1.16 | Jury To Be Guided By Official English Translation/Interpretation |
| ST | § 1.17 | Use of Interpreters in Court |
| ST | § 1.18 | Bench Conferences and Recesses |
| ST | § 1.19 | Outline of Trial |
| ST | § 2.2 | Stipulations of Fact |
| ST | § 2.5 | Transcript of Tape Recording |
| ST | § 2.7 | Foreign Language Testimony |
| ST | § 2.8 | Impeachment Evidence – Witness |
| ST | § 2.10 | Use of Interrogatories of a Party |
| ST | § 2.11 | Expert Opinion |
| ST | § 2.12 | Charts and Summaries Not Received in Evidence |
| ST | § 2.13 | Charts and Summaries in Evidence |
| ST | § 3.1 | Duty to Deliberate |
| ST | § 3.2 | Communication with Court |
| ST | § 3.3 | Return of Verdict |
| ST | § 3.5 | Deadlocked Jury |
| ST | § 4.1 | Corporations and Partnerships – Fair Treatment |
| ST | § 4.2 | Liability of Corporations – Scope of Authority Not an Issue |
| PL | § 5.1, 5.2 | Damages – Proof |
| DF | § 5.1, 5.2 | Damages – Proof |
| ST | § 5.3 | Damages – Mitigation |
| ST | § 5.5 | Punitive Damages |
| ST | § 5.6 | Nominal Damages |
| ST | § 10.2A | Civil Rights – Title VII – Hostile Work Environment – Harassment Because of Protected Characteristics – Elements |
| ST | § 10.2B | Civil Rights – Title VII – Hostile Work Environment Caused by Supervisor – Claim Based Upon Vicarious Liability – Tangible Employment Action – Affirmative Defense |
| ST | § 10.3 | Retaliation – Elements |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**ST   § 10.4(B)   Civil Rights – Title VII – "Tangible Employment Action" Defined**
**ST   § 10.5C   Civil Rights – Title VII – Defense – After-Acquired Evidence**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

2

**Proposed Jury Instruction No. 1**
**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**      Instruction No. 1.1B, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given             _____

Refused:          _____

Given as Modified: _____

Withdrawn:        _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

3

**Proposed Jury Instruction No. 2**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Vickey Sarantis filed this case against ADP, Inc., sometimes called Automatic Data Processing, under Title VII of the Federal Civil Rights Act of 1964. Ms. Sarantis alleges that she was sexually harassed, that ADP created a hostile work environment, and that when she rejected an ADP executive's sexual advances, she was subjected to retaliation in that ADP took away certain sales accounts from her and, she claims, ADP eventually terminated her employment in violation of that statute and then reinstated her. Ms. Sarantis further alleges that after she complained about the harassment and retaliation to ADP and after she filed this lawsuit, ADP retaliated against her again, by, among other things, firing her in 2007. Ms. Sarantis alleges she is entitled to damages as a result. Plaintiff has the burden of proving these claims.

ADP denies those claims. ADP claims that Ms. Sarantis willingly participated in the allegedly inappropriate behavior, that any alleged harassment was not severe or pervasive as defined by law, and that it had a legitimate business reason for taking away certain sales accounts and terminating her employment. ADP also claims the affirmative defense that Ms. Sarantis failed to promptly report the alleged harassment and when she did, that ADP adequately responded. ADP has the burden of proving this affirmative defense. ADP contends Ms. Sarantis is not entitled to damages

**Source:**     Instruction No. 1.2, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                _____

Refused:            _____

Given as Modified:  _____

Withdrawn:          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

4

1

**Proposed Jury Instruction No. 3**

2

**BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE**

3

4

When a party has the burden of proof on any claim or affirmative defense by a

5

preponderance of the evidence, it means you must be persuaded by the evidence that the

6

claim or affirmative defense is more probably true than not true.

7

You should base your decision on all of the evidence, regardless of which party

8

presented it.

9

**Source:**     Instruction No. 1.3, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25     Given     _____

26     Refused:     _____

27     Given as Modified:     _____

28     Withdrawn:     _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

5

**Proposed Jury Instruction No. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

**Source:**        Instruction No. 1.6, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                _____

Refused:             _____

Given as Modified:   _____

Withdrawn:           _____

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

6

**Proposed Jury Instruction No. 5**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you.

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Source:**      Instruction No. 1.7, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given            _____

Refused:         _____

Given as Modified:   _____

Withdrawn:       _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

7

**Proposed Jury Instruction No. 6**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**Source:**   Instruction No. 1.8, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                          _____

Refused:                     _____

Given as Modified:   _____

Withdrawn:               _____

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

8

**Proposed Jury Instruction No. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source:**    Instruction No. 1.9, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                _____

Refused:             _____

Given as Modified:   _____

Withdrawn:           _____

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

9

**Proposed Jury Instruction No. 8**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.   If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:**        Instruction No. 1.10, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                          _____

Refused:                     _____

Given as Modified:   _____

Withdrawn:              _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

10

**Proposed Jury Instruction No. 9**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**       Instruction No. 1.11, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given             _____

Refused:          _____

Given as Modified:  _____

Withdrawn:        _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

11

**Proposed Jury Instruction No. 10**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, simply give a signed note to the bailiff or clerk to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss it with your fellow jurors.

**Source:**      Instruction No. 1.12, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given          _____

Refused:       _____

Given as Modified:   _____

Withdrawn:      _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

12

**Proposed Jury Instruction No. 11**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, questions or arguments, let me know so that I can correct the problem.

**Source:**    Instruction No. 1.13, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                    _____

Refused:                _____

Given as Modified:  _____

Withdrawn:            _____

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Jury Instruction No. 12**
**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom or jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**      Instruction No. 1.14, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                     _____

Refused:                 _____

Given as Modified:   _____

Withdrawn:            _____

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

14

**Proposed Jury Instruction No. 13**

**JURY TO BE GUIDED BY OFFICIAL ENGLISH
TRANSLATION/INTERPRETATION**

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court interpreter or translator. Although some of you may know Greek, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation or translation. You must disregard any different meaning.

**Source:**      Instruction No. 1.16, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given      _____

Refused:      _____

Given as Modified:      _____

Withdrawn:      _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 14**
**USE OF INTERPRETERS IN COURT**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Source:**     Instruction No. 1.17, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

16

**Proposed Jury Instruction No. 15**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.   The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**  Instruction No. 1.18, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                     _____

Refused:                _____

Given as Modified:  _____

Withdrawn:            _____

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

17

**Proposed Jury Instruction No. 16**
**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

**Source:**     Instruction No. 1.19, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                    _____

Refused:               _____

Given as Modified:  _____

Withdrawn:          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

18

**Proposed Jury Instruction No. 17**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You should therefore treat these facts as having been proved.

**Source:**      Instruction No. 2.2, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:               _____

Given as Modified:   _____

Withdrawn:           _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

19

**Proposed Jury Instruction No. 18**
**TRANSCRIPT OF TAPE RECORDING**

You are about to listen to a tape recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you heard is controlling.  After the tape has been played, the transcript will be taken from you.

**Source:**        Instruction No. 2.5, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                          _____

Refused:                      _____

Given as Modified:      _____

Withdrawn:                 _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

20

**Proposed Jury Instruction No. 19**
**FOREIGN LANGUAGE TESTIMONY**

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Greek, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness' testimony.  You must disregard any different meaning.

**Source:**      Instruction No. 2.7, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given              _____

Refused:           _____

Given as Modified:  _____

Withdrawn:         _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Jury Instruction No. 20**

**IMPEACHMENT EVIDENCE — WITNESS**

The evidence that a witness, e. g., has been convicted of a crime, lied under oath on a prior occasion, etc. may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Source:**     Instruction No. 2.8, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:                _____

Given as Modified:   _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

22

**Proposed Jury Instruction No. 21**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions which were submitted in writing under established court procedures.  The answers are entitled to the same consideration and are to be judged as to credibility and weight, and otherwise considered by you insofar as possible, as if the answers were made from the witness stand.

**Source:**      Instruction No. 2.10, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given            _____

Refused:         _____

Given as Modified:  _____

Withdrawn:       _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 22**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:**     Instruction No. 2.11, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                      _____

Refused:                   _____

Given as Modified:  _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 23**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Source:**   Instruction No. 2.12, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given _____

Refused: _____

Given as Modified: _____

Withdrawn: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

25

**Proposed Jury Instruction No. 24**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.   Charts and summaries are only as good as the underlying evidence that supports them.   You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:**     Instruction No. 2.13, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given          _____

Refused:        _____

Given as Modified:   _____

Withdrawn:       _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

26

**Proposed Jury Instruction No. 25**
**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**  Instruction No. 3.1, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given  _____

Refused:  _____

Given as Modified:  _____

Withdrawn:  _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 26**
**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**Source:**      Instruction No. 3.2, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                        _____

Refused:                   _____

Given as Modified:    _____

Withdrawn:              _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 27**
**RETURN OF VERDICT**

A verdict has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**     Instruction No. 3.3, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

29

**Proposed Jury Instruction No. 28**
**DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Source:**      Instruction No. 3.5, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given            _____

Refused:         _____

Given as Modified:  _____

Withdrawn:       _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

30

**Proposed Jury Instruction No. 29**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Source:**     Instruction No. 4.1, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                  _____

Refused:               _____

Given as Modified:     _____

Withdrawn:             _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

31

1

**Proposed Jury Instruction No. 30**

2

**LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT AN ISSUE**

3

4        Under the law, a corporation is considered to be a person.  It can only act through its

5  employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts

6  of its employees, agents, directors, and officers performed within the scope of authority.

7        **Source:**        Instruction No. 4.2, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  Given                    _____

26  Refused:                 _____

27  Given as Modified:       _____

28  Withdrawn:               _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 31**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

(1)    Plaintiff's reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities, lost to the present time; and

(2)    Plaintiff's reasonable value of wages, earnings, earning capacity, salaries, employment, business opportunities, employment opportunities which with reasonable probability will be lost in the future;

(3)    Plaintiff's physical, mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

Plaintiff's compensatory damages, that is, the mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

//

//

//

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

33

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:**   Instruction Nos. 5.1, 5.2. *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

**Objection:**   Defendant objects to Plaintiff's proposed insertions to the Model Instruction because front pay and back pay are forms of equitable relief determined by the Court, not the jury. *Lutz v. Glendale Union High Sch. Dist. No. 205*, 403 F.3d 1061 (9th Cir. 2005).

Given                        _____

Refused:                     _____

Given as Modified:           _____

Withdrawn:                   _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

34

**Proposed Jury Instruction No. 32**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages.   By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

Plaintiff's compensatory damages, that is, the mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Source:**   Instruction Nos. 5.1, 5.2. *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

**Objection:**   It is yet to be determined whether the jury will consider all damages or whether the court will take an advisory verdict from the jury.  Although back pay remains an equitable remedy, Defendant's alternate instruction fails to offer instructions which include consideration of lost future damages. Plaintiff objects and refers the court to Plaintiff's alternate instruction 5.1

Given          _____

Refused:      _____

Given as Modified:  _____

Withdrawn:   _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

35

**Proposed Jury Instruction No. 33**

**DAMAGES –  MITIGATION**

Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

**Source:**      Instruction No. 5.3, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007).

Given                    _____

Refused:                _____

Given as Modified:   _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

36

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Jury Instruction No. 34**
**PUNITIVE DAMAGES**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the person who performs or fails to perform it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

//
//
//
//
//
//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

37

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Source:**     Instruction No. 5.5, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

**Objection:**  Plaintiff objects to the breadth of this instruction to the extent that it states a standard that is more than the standard for punitive damages that is set forth in *Kolstad v. American Dental Association*, 527 U.S. 526, 534, 119 S.Ct. 2118 (1999). *Kolstad* states that punitive damages may be imposed under Title VII without a showing of egregious or outrageous discrimination, independent of employer's state of mind.

Given                _____

Refused:             _____

Given as Modified:   _____

Withdrawn:           _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

38

**Proposed Jury Instruction No. 35**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Source:**    Instruction No. 5.6, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:    _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

39

**Proposed Jury Instruction No. 36**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT—
HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS**

The plaintiff seeks damages against the defendant for a sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   the plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2.   the conduct was unwelcome;

3.   the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4.   the plaintiff perceived the working environment to be abusive or hostile; and

5.   a woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile;

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**Source:**   Instruction No. 10.2A, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given               _____

Refused:            _____

Given as Modified:  _____

Withdrawn:          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 37**

**CIVIL RIGHTS—TITLE VII—HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE**

An employer may be liable when a supervisor with immediate or successively higher authority over the employee creates a sexually hostile work environment for that employee. The plaintiff claims that she was subjected to a sexually hostile work environment by Ken Olden; and that Ken Olden was a person with successively higher authority over plaintiff.

The defendant denies the plaintiff's claim. The plaintiff must prove her claim by a preponderance of the evidence.

In addition to denying the plaintiff's claim, the defendant has asserted an affirmative defense. Before you consider this affirmative defense, you must first decide whether plaintiff has proved by a preponderance of the evidence that she suffered a tangible employment action as a result of harassment by the supervisor.

If you find that the plaintiff has proved that she suffered a tangible employment action as a result of harassment by the supervisor, you must not consider the affirmative defense.

If the plaintiff has not proved that she suffered a tangible employment action, then you must decide whether the defendant has proved by a preponderance of the evidence each of the following elements:

1.    the defendant exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and

2.    the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

//

//

//

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1      If the defendant proves these elements, the plaintiff is not entitled to prevail on this

2  claim.

3      **Source:**      Instruction No. 10.2B, *Manual of Model Civil Jury Instructions for the*
                         *District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Proposed Jury Instruction No. 38**
**RETALIATION – ELEMENTS**

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.     Plaintiff engaged in or was engaging in an activity protected under federal law, that is, asserting her rights to be free from a hostile work environment under Title VII;

2.     the employer subjected plaintiff to an adverse employment action, that is, took away her up-market accounts or terminated her employment; and

3.     the plaintiff was subjected to the adverse employment actions because she opposed discrimination under Title VII.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

**Source:**        Instruction No. 10.3, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:                 _____

Given as Modified:       _____

Withdrawn:               _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

43

**Proposed Jury Instruction No. 39**

**CIVIL RIGHTS – TITLE VII – "TANGIBLE EMPLOYMENT ACTION" DEFINED**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates.  A tangible employment action requires an official act of the enterprise, a company act.  A tangible employment action consists of a significant change in employment status such as firing, reassignment, a significant change in responsibilities, undesirable reassignment, or a significant change in benefits.

**Source:**     Instruction No. 10.4(B), *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:                _____

Given as Modified:   _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

44

**Proposed Jury Instruction No. 40**

**CIVIL RIGHTS—TITLE VII—DEFENSE—AFTER-ACQUIRED EVIDENCE**

The defendant contends that it would have made the same decision to discharge the plaintiff because plaintiff made material misrepresentations in her application/résumé and/or she forwarded confidential company information to outside sources.  If the defendant proves by a preponderance of the evidence that the defendant could have made the same decision and would have discharged the plaintiff because plaintiff made material misrepresentations in her application/résumé and/or she forwarded confidential company information to outside sources, you should limit any award of back pay to the date the employer would have made the decision to not hire or discharge the plaintiff as a result of her making material misrepresentations in her application/résumé and/or forwarding confidential company information to outside sources.

**Source:**     Instruction No. 10.5C, *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2007) (as modified).

Given                    _____

Refused:              _____

Given as Modified:   _____

Withdrawn:          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

45

# SECTION II

## Stipulated Non-Model Jury Instructions

**ST**   **Attorneys' Fees**

**ST**   **Protected Activity Defined**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Stipulated Non-Model Jury Instruction No. 41**

**ATTORNEYS' FEES**

It is the Court's responsibility to decide whether to award attorneys' fees, and to determine the proper amount of such fees. Therefore, you should not consider attorneys' fees in any calculation of damages.

**Source:**      42 U.S.C. § 2003-5(k).

Given                              _____

Refused:                           _____

Given as Modified:  _____

Withdrawn:                      _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

47

**Stipulated Non-Model Jury Instruction No. 42**

**PROTECTED ACTIVITY DEFINED**

You must determine whether the plaintiff has proven by a preponderance of the evidence that she engaged in a protected activity.

A protected activity consists of any action by an employee in protest of or opposition to any act or practice unlawful under Title VII, including filing a charge of discrimination, testifying, assisting or participating in any manner in an investigation, proceeding, or hearing under Title VII.

**Source:**    Instruction 4:650, McNamara & Southerland *Federal Employment Jury Instructions*, James Publishing (2001) (modified).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

## SECTION III

### Plaintiff's Requested Non-Model Jury Instructions

**PL**     **Party's Religious Beliefs and Practices**
**PL**     **Existing Condition, Unusually Susceptible Plaintiff**

**Plaintiff's Requested Non-Model Jury Instruction No. 43**

**PARTY'S RELIGIOUS BELIEFS AND PRACTICES**

You must not make any assumptions about a witness or a party based solely upon their religion, creed, national ancestry, race, ethnicity, or sex.  Further, a party's liability or entitlement to relief must be considered independent of their religion, creed, national ancestry, race, ethnicity, or sex.

**Source:**  *See* 7th Circuit General Civil Instruction, 1.01; *see also Torcaso v. Watkins*, 367 U.S. 488, 81 S.Ct. 1680, 6 L.Ed.2d 982 (1961); *see also Shelley v. Kraemer,* 334 U.S. 1, 68 S. Ct. 836, 92 L. Ed. 1161 (1948).

**Objection:**  Defendant objects because it is not contained within the Ninth Circuit Model Instructions.  Moreover, it suggests that Plaintiff does not have a duty to mitigate her emotional distress damages because she did not seek assistance based on her alleged religious beliefs.

Given                      _____

Refused:                _____

Given as Modified:  _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

50

**Plaintiff's Requested Non-Model Jury Instruction No. 44**

**PRE-EXISTING CONDITION, UNUSUALLY SUSCEPTIBLE PLAINTIFF**


Plaintiff is not entitled to compensation for any physical or emotional condition that pre-existed the fault of Plaintiff.  However, if you find that Plaintiff had any pre-existing physical or emotional condition that was aggravated or made worse by Defendant's fault, you must decide the full amount of money that will reasonably and fairly compensate Plaintiff for that aggravation or worsening.

You must decide the full amount of money that will reasonably and fairly compensate Plaintiff for all damages caused by the fault of Defendant, even if Plaintiff was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.


**Source:**     **RAJI (CIVIL) 4**[th] Pre-Existing Condition, Unusually Susceptible Plaintiff, pg. 109 (*as modified*).

**Objection:**  Defendant objects to this jury instruction because it states the standard for assessing damages in negligence claims filed under Arizona law. This is not the standard used by Title VII.


Given                   _____

Refused:                _____

Given as Modified:   _____

Withdrawn:            _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

# SECTION IV

## Defendant's Requested Non-Model Jury Instructions

**DF** **Business Judgment Decision**
**DF** **Protected Activity Defined**
**DF** **Speculation As Evidence of Discrimination**
**DF** **Defendant's Liability For Punitive Damages**
**DF** **Title VII – Punitive Damages – Intentional Discrimination Alone Is Insufficient**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Defendant's Requested Non-Model Jury Instruction No. 45**

**BUSINESS JUDGMENT DECISION**

You may not return a verdict for plaintiff just because you disagree with defendant's decision to remove plaintiff's up-market accounts or terminate her employment.  The fact that you think defendant erred by removing her up-market accounts or terminating her employment does not in itself expose defendant to liability under Title VII.  Your decision must be based on a finding that defendant discriminated against plaintiff in retaliation for engaging in protected activity.

**Source:** *Model Jury Instructions (Civil) Eighth Circuit* § 5.94 (2001); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability.")

**Objection:** This instruction is too broad.  The Defendant was certainly in error when it retaliated against Plaintiff by removing up-market accounts and firing Plaintiff.  Consequently, the Defendant may be liable for that error of retaliation.  This instruction limits Defendant's liability for the error.  The instruction goes well beyond the 8th Circuit's model which only includes the language offered in the first sentence of this instruction.  Finally, this instruction is not approved by the 9th Circuit.  Therefore, Plaintiff objects to it.

Given   _____

Refused:   _____

Given as Modified: _____

Withdrawn:  _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

53

**Defendant's Requested Non-Model Jury Instruction No. 46**

**SPECULATION AS EVIDENCE OF DISCRIMINATION**

Plaintiff must prove her claims with evidence in order to prevail in this case. Plaintiff's speculations, suspicions, surmises, guesses or conjectures are not evidence and they are insufficient to meet this burden.  Plaintiff's own subjective belief that defendant treated her differently because she engaged in protected activity is not evidence of retaliation.

**Source:**    Federal Employment Jury Instructions §1:1100 (2001) (modified); *Bradley v. Harcourt Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981).

**Objection:**    This instruction is redundant and goes outside of the model instructions on punitive damages provided by the 9th Circuit.  Therefore, Plaintiff objects.

Given                _____

Refused:            _____

Given as Modified:   _____

Withdrawn:          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

**Defendant's Requested Non-Model Jury Instruction No. 47**

**DEFENDANT'S LIABILITY FOR PUNITIVE DAMAGES**

You are instructed that even if you find that defendant unlawfully discriminated against and/or retaliated against plaintiff, you may not award punitive damages against defendant if you find:

1.     Defendant has made good-faith efforts to comply with federal law; and

2.     The individuals who discriminated against plaintiff acted in a manner contrary to defendant's good faith efforts to comply with federal law.

**Source:**     *Kolstad v. American Dental Association*, 119 S. Ct. 2118 (1999).

**Objection:**     This instruction is redundant and goes outside of the model instructions on punitive damages provided by the 9th Circuit.   Further, *Kolstad* states that punitive damages may be imposed under Title VII without a showing of egregious or outrageous discrimination, independent of employer's state of mind.   Therefore, Plaintiff objects.   *See Kolstad v. American Dental Association*, 527 U.S. 526, 538, 119 S.Ct. 2118, 2126 (1999).

Given                 _____

Refused:             _____

Given as Modified:   _____

Withdrawn:           _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

55

**Defendant's Requested Non-Model Jury Instruction No. 48**

**TITLE VII—PUNITIVE DAMAGES**

**INTENTIONAL DISCRIMINATION ALONE IS INSUFFICIENT**

Proof of intentional discrimination, standing alone, is insufficient to warrant an award of punitive damages.

**Source:**     *Ngo v. Reno Hilton Resort Corp.*, 140 F.3d 1299, 1304 (9th Cir. 1998).

**Objection:**  This instruction is redundant, intrinsic in the Model Instruction 5.5 and others, and is unnecessarily confusing.  For these reasons Plaintiff objects to it.

Given                           _____

Refused:                      _____

Given as Modified:     _____

Withdrawn:                 _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600