**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Vickey Sarantis, a single woman, | ) | No. CV-06-2153-PHX-LOA |
| Plaintiff, | ) ) | **SCHEDULING ORDER** |
| vs. | ) ) | |
| ADP, Inc., a foreign corporation, | ) ) | |
| Defendant. | ) ) ) | |

This is the time set for informal Rule 16 scheduling conference. Plaintiff is represented by counsel, Kevin R. Keating and Matthew H. Mason. Defendant is represented by local counsel, Neil M. Alexander, Kristin R. Culbertson, Cyrus B. Martinez, and telephonically by Texas counsel, Robin L. Harrison. Court reporter is not present.

Counsel and the Court informally discuss trial procedures regarding introducing exhibits in evidence and the absence of unreasonable restrictions to the courtroom podium. Recross examination of witnesses during trial, however, is not permitted. Counsel and the Court discuss its new electronic courtroom equipment. Counsel are invited to informally learn how to use the new electronic courtroom equipment prior to trial by calling the District Court's A/V Specialist, Brian Lalley, at (602) 322-7131 to schedule a joint appointment for all counsel well in advance of trial.

Counsel agree to a jury of nine (9) jurors. By stipulation, there shall be no formal alternates. Counsel stipulate that fifteen (15) prospective jurors will be initially called

on a "strike and replace" basis with Plaintiff and Defendant entitled to three alternating peremptory challenges each. The singular strikes begin with Plaintiff. See, Rule 48, FED.R.CIV.P.; 28 U.S.C. §1870; *contra*, LRCiv 47.1. Counsel stipulate that any verdict must be unanimous with no less than 6 jurors reaching a verdict. If all 9 jurors are available to deliberate when the case is given to the jury to begin their deliberations, counsel stipulate that all nine jurors will be permitted to deliberate. Counsel only agree to a binding verdict of 6 jurors or more.

In the exercise of its wide discretion and with all counsel in concurrence, the Court will permit jurors to take notes and ask written questions in the procedure outlined by the Court. *United States v. Vaccaro*, 816 F.2d 443, 451 (9th Cir.), *cert. denied,* 484 U.S. 914 (1987) (note taking); *United States v. Huebner,* 48 F.3d 376, 382 (9th Cir. 1994), *cert. denied*, 516 U.S. 816 (1995) (written questions).[1] Unlike the practice in Arizona Superior Courts and the recommendation of the ABA, counsel do not agree that jurors be authorized to discuss the case amongst themselves with qualifications during the trial and before beginning formal jury deliberations.[2] Thus, jurors will be instructed that they may not discuss the evidence or the case amongst themselves until the case is presented to them and formal deliberations begin. Counsel are permitted to conduct appropriate *voir dire* examination directly with prospective jurors, either individually or collectively, after the Court's initial examination

---

[1] Also see, American Bar Association, *Principles for Juries and Jury Trials*, Principle 13(C)("In civil cases, jurors should, ordinarily, be permitted to submit written questions for witnesses. . . .")

[2] Arizona Rule of Civil Procedure 39(f)(". . ; except that the jurors shall be instructed that they will be permitted to discuss the evidence among themselves in the jury room during recesses from trial when all jurors are present, as long as they reserve judgment about the outcome of the case until deliberations commence. Notwithstanding the foregoing, the jurors' discussion of the evidence among themselves during recesses may be limited or prohibited by the court for good cause."); American Bar Association, *Principles for Juries and Jury Trials*, Principle 13(F)("Jurors in civil cases may be instructed that they will be permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence.")

1  subject to timely objection by adverse counsel. The details of affirmative juror's answers to
2  potentially embarrassing relevant questions shall be on the record in the courtroom outside
3  the presence of the other jurors.

4        Pursuant to the Court's discussion, and counsels' agreements to the dates set
5  forth hereinafter, and good cause appearing, the Court will hereinafter set the dates for the jury
6  trial, oral arguments on the pending motions *in limine* and other deadlines.

7        **IT IS ORDERED** pursuant to Federal Rule of Civil Procedure 16(e) and 37(c)
8  and except as the Court may decide on a pending related motion *in limine*, the Court will not
9  allow the parties to modify the Joint Final Pretrial Order or introduce at trial any exhibits,
10 witnesses, or other information or to make any objections to exhibits that were not previously
11 specified and/or disclosed as directed by the Court in the Joint Final Pretrial Order, except to
12 prevent manifest injustice. *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998); *Galdamez v.*
13 *Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005).

14       **IT IS FURTHER ORDERED** that if either side intends to call an expert
15 witness and there is some question about an expert's qualifications and/or the reliability of
16 his/her opinion(s), adverse counsel shall file a *Daubert* motion to preclude or limit the
17 expert's testimony pursuant to the Court's "gate keeping" function no later than **Friday,**
18 **August 23, 2008**. Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S.
19 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999); *Clausen v. M/V New*
20 *Carissa*, 339 F.3d 1049, 1056 (9th Cir.2003) ("Scientific evidence is deemed reliable if the
21 principles and methodology used by an expert are grounded in the methods of science.").
22 Responses and Replies, if any, shall be timely filed as required by law. LRCiv 7.2(c) and (d).
23 Failure to comply with this deadline shall constitute waiver of any *Daubert* objections.

24       **IT IS FURTHER ORDERED** setting the trial of this matter to a jury,
25 beginning on **Monday, September 22, 2008 through Friday, October 3, 2008** (although ten
26 trial days are reserved, each side shall be entitled to 3.5 trial days after jury selection and
27
28

1  opening statements on the first day[3]) in Courtroom 302 on the third floor of the Sandra Day
2  O'Connor U.S. Courthouse, 401 E. Washington, Phoenix, Arizona. Unless otherwise ordered,
3  the start time for each trial day shall be from **10:00 a.m. to 12:00 noon** and from **1:30 p.m.**
4  **to 4:30 p.m.** Counsel shall be in or near the courtroom every day by **9:30 a.m.** and **1:00 p.m.**
5  in the event issues develop that need to be resolved outside the presence of the jury. It is
6  important to the Court and jurors that the trial schedule be followed so counsel should plan
7  their case and witnesses accordingly.

8        **IT IS FURTHER ORDERED** setting oral argument on the pending motions
9  *in limine* on **Tuesday, August 26, 2008 at 2:00 p.m.** before the undersigned in Courtroom
10 302. Defendant's request that replies be permitted is **DENIED**.

11       **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised
12 of the possibility of settlement and should a settlement be reached, the parties shall
13 immediately file a Notice of Settlement with the Clerk of the Court with a copy to this Court's
14 chamber's email box (anderson_chambers@azd.uscourts.gov). LRCiv. 40.2(d). Settlement
15 negotiations do not constitute good cause to continue the deadlines and dates set herein as
16 these **are real** and will be enforced by the Court. *Hostnut.Com, Inc.v. Go Daddy Software,*
17 *Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006); *Schwartz v. Home Depot U.S.A., Inc.*, CV-06-
18 2168-PHX-FJM ("[C]haracterization of the trial date as a 'first setting,' . . . ignores the fact
19 that under the Rule 16 scheduling order, the trial date is firm and the parties were advised of
20 that. In this court, the first setting is the last setting absent extraordinary circumstances (like
21 death), which obviously are not present here.") (docket # 83 at 2 in CV-06-2168-PHX-FJM).
22 Also see, LRCiv 40.2(b).

23       **IT IS FURTHER ORDERED** that this Court views compliance with the
24 / / /
25 / / /
26
27
28     [3] Only jury selection and opening statements will occur on the first day.

- 4 -

1  provisions of this Order as critical to its case management responsibilities and the
2  responsibilities of counsel under Rule 1 of the Federal Rules of Civil Procedure.
3  DATED this 20th day of June, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge