**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Vickey Sarantis, a single woman, | ) | No. CV-06-2153-PHX-LOA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| ADP, Inc., a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

        The Court concludes that oral argument on Defendant's motions *in limine*, docket ## 109 - 115,  is unnecessary because the parties have provided the Court with adequate briefing on the issues. *Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).  Oral argument on the motions *in limine* scheduled for August 26, 2008 is vacated.

**1. Motion *In Limine* Regarding Post Employment Atmosphere at ADP**

        Defendant ADP moves to preclude *in limine* "any evidence related to the work environment at ADP after the termination of [Plaintiff's] employment with Defendant." (docket # 109 at 1)  Defendant claims that "Plaintiff submitted as an exhibit to her Response to the Motion for Summary Judgment a transcript of a voicemail purportedly left by ADP

1    employee Shannon Radloff wherein Radloff states, somewhat cryptically, that she is aware

2    of 'unethical stuff' going on, and questions whether she should go to HR or not. According

3    to Plaintiff's Statement of Facts, that voice message somehow demonstrates that ADP's

4    Human Resources Department is not a reliable vehicle to redress issues." *Id*. at 2.  Defendant

5    also points out that in Plaintiff's Statement of Facts supporting Plaintiff's Response to

6    Defendant's Motion for Summary Judgment, Plaintiff mentions in a footnote:

> [Cameron] Crouch has herself continued the "culture" at ADP by favoring male employees in recent times in return for their agreeing to have affairs with her. One such example of that favoritism (and of how ADP's written policies are easily disregarded) is a DM [AH] who recently was arrested for a DUI offense and his driving privileges were taken away. Instead of firing him as would have comported with ADP's written policy manual, this man was given a "driver" (another sale [sic] rep in training) by Ms. Crouch to drive him to sales calls and customer appointments at ADP's expense.

*Id*.

13           Defendant argues that this evidence is irrelevant to Plaintiff's claims, will result

14   in "mini-trials" essentially confusing the jury, creating undue delay in the trial, and under

15   Rule 403, Fed.R.Evid., "the probative value of any evidence gleaned from such testimony

16   is substantially outweighed by the danger of unfair prejudice it will create against

17   Defendant." *Id*. at 3.

18           Recently, the Supreme Court in *Sprint/United Management Co. v. Mendelsohn*,

19   ___ U.S. ___, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008) (ADEA reduction-in-force case)

20   acknowledged that discriminatory acts by other supervisors may be relevant and admissible

21   in evidence. It also confirmed that "[a] district court is accorded a wide discretion in

22   determining the admissibility of evidence under the Federal Rules. Assessing the probative

23   value of [the proffered evidence], and weighing any factors counseling against admissibility

24   is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *Id*. at

25   1145. (citation omitted). The Court reversed the Tenth Circuit's reversal of the district court

26   and remanded, "directing the district court to clarify its order [which] would have been the

27   better approach in this case. . .With respect to evidentiary questions in general and Rule 403

28   in particular, a district court virtually always is in the better position to assess the

1    admissibility of the evidence in the context of the particular case before it." *Id*., 128 S.Ct. at

2    1146.

3              Plaintiff contends, as illustrated in *Hawkins v. Anheuser-Busch, Inc*., 517 F.3d

4    321, 336 (6th Cir. 2008) and *Hurley v. Atlantic City Police Dep't*, 174 F.3d 95, 110-112 (3d

5    Cir. 1999), that "[a]cts which occurred outside of the Plaintiff's presence should be allowed

6    [in evidence]  because the very meaning of "environment" is [t]he surrounding conditions,

7    influences or forces which influence or modify." (docket # 127 at 2) (internal quotation

8    marks omitted).

9              Although Defendant casts a large net and fails to define "any evidence related

10   to the work environment at ADP," the Court finds that these two events occurring at ADP

11   after Plaintiff was terminated are not relevant under Rule 402, Fed. R. Evid., to whether

12   Plaintiff "was subjected to severe or pervasive conduct that altered the conditions of her

13   employment" or whether Plaintiff was terminated because she engaged in protected

14   activities. (docket # 102 at 9, 13)  If marginally relevant, its relevance is substantially

15   outweighed by the undue delay admission ("mini-trials" as ADP calls it) of this evidence

16   would cause in the trial of this case. Rule 403 and 404(b), Fed.R.Evid.  Moreover, the

17   generic, non-specific acts cited by Plaintiff in her Response that occurred after her

18   termination fail to fairly demonstrate that such statements are relevant and otherwise

19   admissible. The Court will not deny a timely-filed motion *in limine* solely on the *ipse dixit*

20   of adverse counsel when such counsel provides no specifics to the Court. Finally, the cases

21   of *Hawkins* and *Hurley* are unavailing to Plaintiff without the specificity required for the

22   admissibility of similar acts of harassment, known or unknown to Plaintiff. *Lampert v.*

23   *Clackamas County*, 2005 WL 730636, * 6 (D. Or. 2005) (citing *Hicks v. Gates Rubber Co*.,

24   833 F.2d 1406, 1415-16 (10th Cir. 1987) (evidence that a number of employees had been

25   sexually harassed by the plaintiff's supervisor was admissible as proof of the plaintiff's

26   hostile work environment); *Vinson v. Taylor*, 753 F.2d 141, 146 (D.C.Cir. 1985) ( "Even a

27   woman who was never herself the object of harassment might have a Title VII claim if she

28   were forced to work in an atmosphere where such harassment was pervasive." ).

1    **IT IS ORDERED** that Defendant's Motion *In Limine* Regarding Post
2    Employment Atmosphere at ADP, docket # 109, is **GRANTED**. Unless Defendant's
3    representative, attorneys or witnesses open the door, Plaintiff is hereby precluded from
4    offering evidence, directly or indirectly, related to misconduct at or by ADP, limited to only
5    that identified in Defendant's motion, occurring **after** Plaintiff's termination on May 29,
6    2007 and, again, on June 26, 2007 and thereafter, after the Court denied Plaintiff's
7    application for a preliminary injunction and terminated the TRO.[1]    In the event that
8    Plaintiff's counsel believes that Defendant has opened the door to this prohibited area,
9    Plaintiff's counsel shall first raise the issue with the Court and defense counsel outside the
10   presence of the jury to obtain leave of the Court to question any witness in this prohibited
11   area.

12

13   **2. Motion *In Limine* Regarding Equitable Remedies**

14            Defendant moves for an order precluding Plaintiff from "introducing any
15   evidence regarding equitable remedies, including but not limited to, back pay and front
16   pay[]" because such remedies are "a matter for the Court, and not the jury, to determine."
17   (docket # 110 at 1)  Plaintiff requests the Court "consider an advisory verdict by the jury with
18   regard to back pay, front pay and reinstatement." (docket 128 at 1)

19            The Ninth Circuit has made clear "that there is no right to have a jury
20   determine the appropriate amount of back pay under Title VII, [or] the ADA, even after the
21   Civil Rights Act of 1991. Instead, back pay remains an equitable remedy to be awarded by
22   the district court in its discretion." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1069
23   (9th Cir. 2005).

24

25

26

27            [1]On June 6, 2007, the Court issued a temporary restraining order ("TRO") requiring
28   ADP to reinstate Plaintiff to her former position. (docket # 44)

1    The Court agrees with Plaintiff and will use the practice approved in Rule

2  39(c)(1),[2] FED.R.CIV.P., approved by the Ninth Circuit[3] in *Millemann v. Multnomah Educ.*

3  *Serv. Dist.*, 168 F.3d 500, * 5 (9th Cir. 1999) (unpublished table decision) and by District

4  Judge Campbell in *E.E.O.C. v. GLC Restaurants, Inc.*, 2007 WL 30269 * 8 (D.Ariz. 2007)

5  ("[T]he Court will seek an advisory verdict from the jury on [front and back pay] issues.

6  Fed.R.Civ.P. 39(c). Because evidence concerning front and back pay will be relevant to this

7  advisory verdict, and will not be unfairly prejudicial to Defendants, [Defendant's motion *in*

8  *limine*] is denied.").

9    **IT IS ORDERED** that Defendant's Motion *In Limine* Regarding Equitable

10 Remedies, docket # 110, is **DENIED**.

11

12 **3. Motion *In Limine* Regarding Undisclosed Witnesses**

13    Defendant moves to preclude Plaintiff from "introducing testimony from

14 witnesses not previously disclosed [but] identified in Plaintiff's portion of the Joint Pretrial

15 Order [that] were not previously identified within Plaintiff's disclosures or discovery

16 responses.**"** (docket # 111 at 1)  Defendant argues that "Plaintiff's decision to withhold

17 disclosure of the identity of such persons until this moment (and long after discovery closed)

18 is highly prejudicial to Defendant and justifies the exclusion at trial of these witnesses." *Id*.

19

20

---

21    [2] Rule 39(c), FED.R.CIV.P., provides in relevant part:

22    c) Advisory Jury; Jury Trial by Consent. In an action not triable of right by a
      jury, the court, on motion or on its own:

23        (1) may try any issue with an advisory jury; . . . .

24

25

26    [3] Other circuits also condone the use of an advisory jury under Rule 39(c),

27 FED.R.CIV.P., in discrimination cases. *Broadnax v. City of New Haven*, 415 F.3d 265, 271
   (2d Cir. 2005); *Pals v. Schepel Buick & GMC Truck, Inc.*, 220 F.3d 495 (7th Cir. 2000);

28 *Whiting v. Jackson State University*, 616 F.2d 116 (5th Cir.1980).

1   Defendant claims nine of Plaintiff's witnesses were never timely identified in Plaintiff's Rule

2   26(a), FED.R.CIV.P., disclosures or in Plaintiff's answers to Defendant's discovery requests.

3   *Id.* at 2.  Defendant requests that the Court exclude all nine witnesses from testifying at trial

4   because "[t]he first time that any of these witnesses were disclosed [was] in Plaintiff's Joint

5   Proposed Final Pretrial Order, lodged on May 28, 2008."  *Id.*  Moreover, their late disclosure

6   long after discovery closed is not harmless to Defendant because ADP has had "no

7   opportunity" to depose these trial witnesses. *Id.*  Discovery closed in this case on October

8   5, 2007, docket # 63, approximately six months before Plaintiff's counsel allegedly disclosed

9   these witnesses for the first time when he submitted "Plaintiff's portion of the Joint Pretrial

10  Order." (docket # 111 at 1)

11         Plaintiff's Response denies that these specific witnesses were "not disclosed

12  and identified by Plaintiff in a timely manner."  (docket # 129 at 1)  She asserts that "[a]ll

13  nine of the listed witnesses at issue were disclosed by Plaintiff in her Supplemental

14  Disclosure Statement provided to ADP's counsel on May 23, 2008" in response, and as

15  rebuttal witnesses, to Defendant's Tenth and Eleventh Supplemental Disclosure Statements

16  served on Plaintiff in May, 2008.[4] *Id.* at 2.  Alternatively, Plaintiff contends "[i]t is premature

17  to rule on whether or not any of these witnesses will be able to provide probative rebuttal

18  information that will be useful for the triers of fact." *Id.*

19         Plaintiff's Response identifies each of the disputed witnesses and how each

20  will purportedly rebut Defendant's evidence:

21         (1) The first four, Messrs. Weinbach, Butler, Coppola and Martone, are
           ADP executives whose names are all over the numerous e-mails that
22         have been disclosed by ADP and they will provide important rebuttal
           evidence about ADP's probable testimony about (a) how ADP's
23         executives were not knowledgeable or had no involvement in creating

24

25         [4] Plaintiff's argument that "Defendant has waived any perceived shortcoming or late

26  disclosure by their own actions in May, 2008," when they served Defendant's Tenth and
    Eleventh Supplemental Disclosure Statements on Plaintiff  is unavailing. One party's

27  alleged violation of the disclosure requirements does not justify a violation by the adverse

28  party. Defendant has filed a motion *in limine*; Plaintiff has not.

and/or tolerating the hostile environment and sexually harassing behavior at ADP and (b) about ADP's size, market share and net worth.

(2) Lydiett Esparza will offer rebuttal evidence relating to the evidence that ADP plans to introduce by means of some or all of the 29 new witnesses listed in ADP's Tenth and Eleventh Supplemental Disclosure Statements. In addition, Ms. Esparza will provide valuable supporting and/or rebuttal evidence relating to certain of ADP's retaliatory actions.

(3) Similarly Richard J. Galván, Esq. will provide rebuttal evidence about certain of ADP's retaliatory actions.

(4) Vivian Bush and Joe Guesic are former ADP employees who will rebut certain expected testimony from ADP's witnesses about how Plaintiff was treated fairly by ADP and/or about the alleged non-existence of any hostile atmosphere at ADP before, during and after Plaintiff's employment at ADP.

(5) Dimitri Arabatzis will be available to rebut ADP's expected testimony about how, as ADP will allege, Plaintiff did not suffer emotionally or physically and did not properly avail herself of psychological counseling and other related issues. Mr. Arabatzis provided a declaration on February 1, 2008 in this matter in connection with ADP's Motion for Summary Judgment. ADP has thus known about him for over four months now.

(docket # 129 at 2-3)

Defendant's Reply argues that Plaintiff's disclosures are untimely because Rule 26(a)(3)(C), Fed.R.Civ.P., "provides that pretrial disclosures may be made at least 30 days before trial 'unless otherwise directed by the court.'" (docket # 145 at 2) ADP contends that since Judge Campbell "directed the parties to complete discovery, which includes complying with the disclosure requirements, by October 5, 2007[,]" Plaintiff's failure to disclose these witnesses by October 5, 2007 violates Judge Campbell's July 5, 2007 Order, docket # 63, and Rule 26(a)(3)(C), Fed.R.Civ.P.   ADP provides no authority for this argument other than the Rule itself.

Federal Rule of Procedure 26(a) mandates early disclosure of the parties' intended trial witnesses and exhibits. Rule 26(e), FED.R.CIV.P., also requires parties to timely supplement all discovery, such as interrogatory answers, when the disclosing party learns "that in some material respect the information disclosed is incomplete or incorrect".

Rule 37(c)(1),[5] FED.R.CIV.P., "gives teeth" to these disclosure requirements by authorizing the imposition of sanctions as Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule . . . ."). *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 849, 846 (9th Cir. 2004) (preclusion of witness disclosed by *pro se* plaintiff one month after the supplemental disclosure deadline reversed because late disclosure was both "substantially justified" and "harmless."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "The Advisory Committee Notes describe it as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material . . . .'" Fed.R.Civ.P. 37 advisory committee's note (1993). *Id*.

"Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti*, 259 F.3d at 1106. The burden to prove substantial justification or harmlessness is on the party facing sanctions. *Id*. at 1107. Moreover, the district court has wide latitude in exercising its discretion to issue sanctions under Rule 37(c)(1). *Id*. at 1106 (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).

Unlike case-in-chief and rebuttal witnesses, impeachment witnesses need not be revealed in pretrial disclosures. Rule 26(a)(1)(A)(1) and (ii)[6] and 26(a)(3),[7] Fed.R. Civ.P.;

---

[5] Rule 37(c)(1) provides, in relevant part: A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed.R.Civ.P. 37(c)(1).

[6] Rule 26(a)(1)(A), Fed.R.Civ.P.,expressly excludes initial disclosure of impeach-ment information:
    a) Required Disclosures.
       (1) Initial Disclosure.

1   *Harrison v. Taiwan Super Young Co., Ltd.*, 105 F.3d 665, * 2 (9th Cir. 1997)(unpublished)

2   ("The trial court did not abuse its discretion in overruling the Rule 26(e) objection to

3   admission of the videotape to impeach [plaintiffs]"); *Hammel v. Eau Galle Cheese Factory*,

4   407 F.3d 852, 869 (7th Cir. 2005), *cert. denied*, 546 U.S. 1033 (2005) ("In accordance with

5   Fed.R.Civ.P. 26(a)(1)(A) & (3), evidence offered 'solely for impeachment purposes' does

6   not have to be disclosed prior to trial."); *New York Life Ins. Co. v. Morales*, 2008 WL

7   2622875 * 4 (S.D. Cal. 2008); *Denty v. CSX Transp.*, 168 F.R.D. 549, 550 (D. Or. 2000)

8   (surveillance videos used solely for impeachment purposes not discoverable).

9           The Federal Rules of Civil Procedure do not define the meaning of "rebuttal"

10  or "impeachment" evidence but many federal courts have. Unlike impeachment evidence,[8]

11

12  _____

13      (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise
        stipulated or ordered by the court, a party must, without awaiting a
14      discovery  request, provide to the other parties:
        (i) the name and, if known, the address and telephone number of each
15      individual likely to have discoverable information--along with the subjects
        of that information--that the disclosing party may use to support its claims
16      or defenses, **unless the use would be solely for impeachment**; . . . .

17  Rule 26(a)(1)(A), Fed.R.Civ.P. (emphasis added).

18

19      [7] Rule 26(a)(3) also expressly exempts trial impeachment information:

20

21      (3) Pretrial Disclosures.
        (A) In General. In addition to the disclosures required by Rule 26(a)(1) and
22      (2), a party must provide to the other parties and promptly file the following
        information about the evidence that it may present at trial **other than solely**
23      **for impeachment**: . . . .

24  Rule 26(a)(3), Fed.R.Civ.P. (emphasis added).

25

26      [8] "Impeachment is 'an attack on the credibility of a witness.' [T]o attack the
    credibility of witnesses by the presentation of evidence showing that facts asserted or relied
27  upon in their testimony are false is to impeach by contradiction." *Wegener v. Johnson*, 527
28  F.3d 687, 691 (8th Cir. 2008) (citing 27 Charles Alan Wright & Victor James Gold, *Federal*

the function of rebuttal evidence is to explain, repel, counteract or disprove evidence of the adverse party. *United States v. Finis P. Ernest, Inc*., 509 F.2d 1256, 1263 (7th Cir. 1975), *cert. denied*, 423 U.S. 893 (1975). "Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in [the] opponent's case in chief." *Lubanski v. Coleco Industries, Inc*., 929 F.2d 42, 47 (1st Cir. 1991) (since certain rebuttal evidence was available to plaintiff during her case-in-chief and the testimony she sought to rebut was not unexpected, district court acted well within its discretion in refusing to allow the evidence) (citing *Morgan v. Commercial Union Assurance Cos*., 606 F.2d 554, 555 (5th Cir. 1979)); *U.S. v. Gold*, 743 F.2d 800, 818 (11th Cir. 1984) ("The purpose of rebuttal evidence is to explain, repel, counteract, or disprove the evidence of the adverse party.") (internal quotation marks and citations omitted). "The determination of what constitutes proper rebuttal evidence [lies] within the sound discretion of the [district court]." *Lubanski*, 929 F.2d at 47 (citing *Hickok v. G.D. Searle & Co*., 496 F.2d 444, 447 (10th Cir. 1974)); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 345 (6th Cir. 2002) ("The district court's discretion to exclude proffered rebuttal testimony is not unlimited."); *United States v. LiCausi*, 167 F.3d 36, 52 (1st Cir. 1999). Moreover, Rule 611(a),[9] Fed.R.Evid., empowers the district court to enforce the traditional principle that evidence offered to rebut must accomplish the function of rebuttal to explain, repel, counteract, or disprove evidence of the adverse party. *U.S. ex rel. Poong Lim/Pert v. Dick Pacific/Ghemm*, 2006 WL 568321, * 2 (D. Alaska 2006) ("Fed.R.Evid. 611(a) grants the trial court substantial discretion in controlling the

---

*Practice and Procedure* § 6096 (1990)).

[9] Rule 611(a) provides:
> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

Rule 611(a), Fed.R.Evid.

1   presentation of evidence to make it 'effective for the ascertainment of the truth' and 'avoid

2   needless consumption of time.' Rule 611(a) does not provide a basis for the admission of

3   evidence where some other evidence rule makes it inadmissible."); *United States v. Colomb*,

4   419 F.3d 292 (5th Cir. 2005) (citing 28 Charles Alan Wright & Victor James Gold, *Federal*

5   *Practice and Procedure* § 6162, at 338 (1993)).

6          The Court disagrees that Plaintiff's disclosure of these nine witnesses in May

7   2008 constitutes a violation of Rule 26(a)(3)(C), Fed.R.Civ.P.[10] Rule 26(a)(3)(B),[11]

8   FED.R.CIV.P., provides that "unless the court orders otherwise," pretrial disclosures "must

9   be made at least 30 days before trial." Rule 26(a)(3)(C), Fed.R.Civ.P. By its plain and

10  ordinary terms, one of two deadlines controls pretrial disclosures: 1) as ordered by the court,

11  or 2) at least 30 days before trial.  Defendant's Motion acknowledges that Plaintiff's

12  disclosures were made on or around May 28, 2008, nearly four months before the September

13  22, 2008, trial. Nevertheless, Defendant argues these trial witnesses should have been

14  disclosed on or before October 5, 2007, when discovery closed. The Court disagrees.

15         Defendant reads Judge Campbell's July 5, 2007 Order too broadly. The close

16  of discovery on October 5, 2007 is not synonymous with a supplementation of discovery

17  deadline of October 5, 2007 per Rule 26(a), FED.R.CIV.P.  Since Judge Campbell set no

18  express deadline for supplementation of disclosures and responses prior to the parties'

19  stipulation to try this case before a magistrate judge, the default deadline established by the

20  Rule 26(a)(3)(B) ("at least 30 days before trial") applies.  See, *Samson Tug and Barge Co.,*

21

22         [10] It is important to note that Defendant's Motion *In Limine* Regarding Undisclosed

23  Witnesses, docket # 111, does not argue that Plaintiff's disclosure of these nine trial

24  witnesses violated Fed. Rule of Civ. P 26(e)(1)(A)'s mandate that Plaintiff "timely"

25  supplement her prior disclosures, responses and answers to interrogatories. Therefore, this
    argument is deemed waived.

26         [11] Rule 26(a)(3)(B), FED.R.CIV.P., provides in relevant part:

27          (B) Time for Pretrial Disclosures; Objections. Unless the court orders
            otherwise, these disclosures must be made at least 30 days before trial . . . .

28

1   *Inc. v. United States*, 2008 WL 3200695. * 3 (D. Alaska 2008); *BC Technical v. Ensil Intern*.,

2   2008 WL 131200, * 1 (D. Utah 2008). Had Defendant desired a date certain that the parties

3   were required to identify trial witnesses and exhibits before the close of discovery, ADP

4   should have requested one in the November 2006 joint Case Management Report, docket #

5   13, or at a Rule 16 scheduling conference before Judge Campbell.

6         **IT IS ORDERED** that Defendant's Motion *In Limine* Regarding Undisclosed

7   Witnesses, docket # 111, is **GRANTED** in part and **DENIED** in part.  Plaintiff is hereby

8   precluded from calling witnesses Selina Macias, Roxanne Sandoval, Timothy Dobbins and

9   Marcia Berwald in Plaintiff's case-in-chief but she may call any or some of them solely for

10  non-cumulative, relevant impeachment or rebuttal testimony. Of course, impeachment on

11  collateral matters is not permitted.

12

13  **4. Motion *In Limine* Regarding Alleged Affair**

14        Defendant also moves for an order "precluding Plaintiff Sarantis from

15  introducing any evidence, eliciting any testimony, or making comments during opening or

16  closing statements related to an alleged affair between Ken Olden and a subordinate, C.C."

17  (docket # 112 at 1)  C.C.'s true and complete name is not disclosed to protect her privacy

18  rights as a non-party. Defendant contends that Plaintiff intends to show that Olden, Plaintiff's

19  supervisor, began relying on C.C. for assistance, to the exclusion of  Cassy Loera, Olden's

20  former assistant, who purportedly "kept notes about her perceptions of Mr. Olden and

21  Defendant's workplace. These notes included her perception that Mr. Olden and CC were

22  engaged in an extramarital affair." *Id.* at 2. ADP seeks a pretrial ruling excluding this

23  evidence as inadmissible under Rules 401, 402 or 403. FED.R.CIV.P.

24        Plaintiff contends that "[e]vidence of a supervisor's affair with an employee,

25  adverse affects of said affair on other employees, and other evidence of the work

26  environment at ADP is relevant and probative and should be considered[,]" citing *Hurley*,

27  174 F.3d at 111 ("Evidence of other acts of harassment is extremely probative as to whether

28  the harassment was sexually discriminatory and whether the [Defendant] knew or should

1   have known that sexual harassment was occurring despite the formal existence of an

2   anti-harassment policy."). Plaintiff argues that "evidence of Mr. Olden's . . . extramarital

3   affair in the workplace, and testimony of other discrimination will support Plaintiff's claim

4   of being subject to a hostile work environment." (docket # 130 at 2) Plaintiff claims that "if

5   one employee gives in to a supervisor's sexual advances and especially if said employee is

6   rewarded with employment benefits thereafter[,]" such evidence is "highly probative" of

7   sexual harassment and of a hostile environment." *Id*. at 2-3.

8          Plaintiff impliedly acknowledges Defendant's contention that Loera has no

9   personal knowledge of the affair, that there were no admissions to her by Olden, that Loera

10   solely bases her opinion of the existence of the affair between Olden and C.C. because she

11   saw them "behind closed doors," that Loera "believed" that he was involved in an intimate

12   relationship, and that Loera believed that said relationship affected the work relationship

13   between her, Mr. Olden and another employee.

14          Absent Loera's personal knowledge of the affair, the admission by Olden of

15   the affair at his deposition or trial, or the testimony of C.C. or others with personal

16   knowledge of the affair, Loera's opinion testimony is speculative and not admissible under

17   Rule 701, Fed.R.ofEvid. Such a speculative opinion would not be "helpful to a clear

18   understanding of the testimony or a fact in issue." Rule 701(b), Fed.R.of Evid.; *Nationwide*

19   *Transport Finance v. Cass Information Systems, Inc*., 523 F.3d 1051, 1059 - 1060 (9th Cir.

20   2008) ("If Nationwide offered Carney's testimony as lay opinion, the district court could

21   exclude it because the testimony was not "helpful to a clear understanding of the testimony

22   or a fact in issue.").

23          Since this Magistrate Judge is unfamiliar with the anticipated trial testimony,

24   the Court will follow the wisdom of the Sixth Circuit in *Sperberg v. The Goodyear Tire and*

25   *Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) (warning against entering "orders in limine

26   that exclude broad categories of evidence"), *cert. denied*, 423 U.S. 987 (1975), and will

27   follow the "better practice . . . to deal with questions of admissibility of evidence as they

28   arise." The Court will conditionally grant the Motion until and unless Plaintiff's counsel

1    demonstrates to the Court's satisfaction outside the presence of the jury that Olden's alleged

2    affair with another ADP employee is admissible.

3        **IT IS ORDERED** that Defendant's Motion *In Limine* Regarding Alleged

4    Affair, docket # 112, is conditionally **GRANTED**. Unless Defendant's representative,

5    attorneys or witnesses open the door, Plaintiff is hereby precluded from offering evidence,

6    directly or indirectly,  related to an alleged affair Olden had with another female employee

7    at ADP. In the event that Plaintiff's counsel believes that Defendant has opened the door to

8    this prohibited area or if testimony becomes available establishing the necessary foundation

9    and relevance of Olden's alleged affair with another female employee, Plaintiff's counsel

10   shall first raise the issue with the Court and defense counsel outside the presence of the jury

11   to obtain leave of the Court to question any witness in this prohibited area.

12

13   **5. Motion *In Limine* Regarding Google**

14        Defendant seeks a pretrial "order precluding Plaintiff Sarantis from introducing

15   any evidence, or commenting in opening or closing statements that she remains unable to

16   find employment because prospective employers 'Google' her name (or use any other search

17   engine) and see that she filed the instant lawsuit; or in any other manner informing the jury

18   that a record of this litigation is accessible through "Google" or any other search engine."

19   (docket # 113 at 1)  Defendant argues that "should be precluded from introducing this

20   evidence or asserting this argument in opening or closing statements because she cannot

21   recover damages allegedly incurred as a result of the litigation she initiated[,]" citing *Blakey*

22   *v. Continental Airlines, Inc*., 992 F. Supp. 731, 736 n.3 (D. N.J. 1998) (holding that plaintiff

23   in hostile work environment case could not recover from emotional distress caused by the

24   litigation); *Timms v. Rosenblum*, 713 F. Supp. 948, 955 (E.D. Va. 1989) (noting the

25   "wisdom" of precluding recovery for mental anguish stemming from the litigation process);

26   *Stoleson v. United States*, 708 F.2d 1217, 1123 (7th Cir. 1983) ("[a]n alleged tortfeasor

27   should have the right to defend himself in court without hereby multiplying his damages . .

28

1   . .").  *Id.* at 2.  Defendant relies, in part on Federal Rule of Evidence 602 precludes testimony

2   from witnesses who do not have personal knowledge about the testimony given. *Id.* at 2-3.

3           Plaintiff responds by arguing that "ADP retaliated and wrongfully terminated

4   the Plaintiff for allegedly falsifying her resume and revealing company secrets." (docket #

5   131 at 2)  Plaintiff argues that her "damages do not arise out of the litigation process as ADP

6   asserts [but] arise out of the retaliatory action taken by ADP when ADP terminated the

7   Plaintiff and indirectly disseminated a negative employment reference en mass."

8           **IT IS ORDERED** that Defendant's Motion *In Limine* Regarding Google,

9   docket # 113, is **GRANTED** in part and **DENIED** in part.  Plaintiff and her counsel are

10  hereby precluded from mentioning in opening statement or eliciting testimony from any

11  Plaintiff's witness that Plaintiff is or was unable to find employment due to her termination

12  from ADP until and unless such witness first testifies that s/he has personal knowledge that

13  her termination from ADP, as learned through a Google or similar search engine, is a reason

14  why Plaintiff was not hired for that job. If there are several  reasons why Plaintiff was not

15  hired subsequent to her termination from ADP, Defendant may request and submit an

16  appropriate limiting instruction.

17

18  **6. Motion *In Limine* Regarding Net Worth**

19          Defendant seeks an *in limine* order "precluding the Plaintiff [and her counsel]

20  from introducing any evidence regarding ADP's size, market share, financial condition,

21  and/or net worth during the liability phase of this trial, including during opening statements."

22  (docket # 114)  ADP, "one of the largest HR companies in the world," contends that "[i]t is

23  unduly and unfairly prejudicial for evidence regarding Defendant's size, market share,

24  financial condition, and/or net worth, to become entangled in the jurors' minds with evidence

25  regarding Defendant's liability on Plaintiff's discrimination and retaliation claims." *Id.* at 1-

26  2. Defendant cites as authority, in part: *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th

27  Cir. 1977) (citing *Blankenship v. Roundtree*, 219 F.2d 597, 598 (10th Cir. 1955); *Lagudi v.*

28  *Long Island R.R. Co.*, 775 F. Supp. 73, 75 (E.D.N.Y. 1991) (evidence regarding damages

1    presented at the liability stage "may well serve only to confuse the jury as to the separate

2    issues of liability and damages"); *Mid-Continent Cabinetry, Inc. v. George Koch & Sons,*

3    *Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990) (evidence of a defendant's net worth or financial

4    condition is inadmissible until the plaintiff has first proved a *prima facie* case of liability for

5    punitive damages). *Id*.

6           Plaintiff responds by arguing that "ADP is a large corporation specializing in

7    advising on HR issues speaks to the standard of reasonable care ADP should have exercised

8    in this case." (docket # 132 at 2)  Her counsel's argument continues with "the fact that ADP

9    had such specialized knowledge and failed to prevent a sexually hostile environment is a

10   central theme in Plaintiff's offer of proof. Such evidence will be used to rebut ADP's

11   affirmative defense that they took prompt action to correct the harassment (if the affirmative

12   defense applies)." *Id*. Counsel boldly states that "all evidence related to the size, and

13   business of ADP should be included for purposes of demonstrating the standard of care to

14   which ADP should be held and for showing ADP's liability." *Id*. at 2-3.

15          Plaintiff provides no authority to support her argument that ADP is, or should

16   be, held to a higher standard of care than any other employer. While what ADP does as a

17   business is relevant and admissible as background information, the size of ADP, its market

18   share, financial condition, and/or net worth will not be admissible until such time as Plaintiff

19   presents sufficient evidence that warrants an instruction on punitive damages.

20          **IT IS ORDERED** that Defendant's Motion *In Limine* Regarding Net Worth,

21   docket # 114, is **GRANTED** in part and **DENIED** in part.  Plaintiff and her counsel are

22   hereby precluded from mentioning in opening statement, closing argument or eliciting

23   testimony from any witness the size of ADP, its market share, financial condition, and/or net

24   worth until such time as Plaintiff presents sufficient evidence to warrant an instruction on

25   punitive damages. Once Plaintiff and her counsel have established sufficient evidence to

26   warrant an instruction on punitive damages, **and** this Court agrees upon request outside the

27   presence of the jury, Plaintiff may introduce evidence of ADP's size, its market share,

28   financial condition, and/or net worth for purposes of assisting the jury in determining the

1   amount, if any, of punitive damages to punish ADP.  Moreover, during closing argument,

2   Plaintiff's counsel may engage in appropriate argument, consistent with the Court's

3   instructions, that ADP knew or should have known that its conduct was unlawful.

4   **7. Motion *In Limine* to Bifurcate liability issues from punitive damages.**

5            Finally, Defendant seeks "an order bifurcating punitive damages and

6   precluding introduction of financial condition evidence during the liability phase." (docket

7   # 115)  Defendant argues that its "profitability and financial condition have no bearing on

8   liability and are relevant only as to the proper amount of punitive damages, once liability for

9   such damages is established." *Id*. at 1.  It claims that "[t]he introduction of such evidence

10  prior to a finding that Defendant is liable for punitive damages is unnecessary and

11  prejudicial." *Id*.  ADP relies, in part, on Rule 42(b), FED.R.CIV.P.

12           Citing *Kolstad v. American Dental Association*, 527 U. S. 526, 534 (1999),

13  Plaintiff points out that "[i]n a Title VII action, the jury may award both compensatory and

14  punitive damages to '[s]o long as a Title VII plaintiff proffers sufficient evidence from which

15  a jury could conclude that an employer acted willfully,'" and the conduct was "egregious."

16  Plaintiff's counsel claims he " will proffer evidence to the jury which could lead the jury to

17  conclude that ADP acted intentionally and with reckless indifference to Plaintiff's rights."

18  *Id*. at 2.

19           The Court has no reason to believe that the jury in the trial of this case will be

20  unable to follow the Court's instructions not to consider Defendant's size, net worth, etc. on

21  the issue of liability.

22           **IT IS ORDERED** that Defendant's Motion *In Limine* to Bifurcate evidence

23  separating liability issues from punitive damages, docket # 115, is **DENIED**.

24           **IT IS FURTHER ORDERED** vacating the Court's prior order setting oral

25  argument on motions *in limine* for Tuesday, August 26, 2008.

26           DATED this 27th day of August, 2008.

27

28
                              Lawrence O. Anderson
                              United States Magistrate Judge