**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vickey Sarantis, a single woman,   ) | No. CV-06-2153-PHX-LOA |
|                                      ) | |
| Plaintiff,                           ) | **ORDER TO SHOW CAUSE** |
|                                      ) | |
| vs.                                  ) | |
|                                      ) | |
| ADP, Inc., a foreign corporation,    ) | |
|                                      ) | |
| Defendant.                           ) | |
|                                      ) | |

        Shortly after the parties consented to magistrate-judge jurisdiction last summer, the Court met with all counsel in person and telephonically on June 20, 2008 and conducted a Rule 16 scheduling conference. In addition to setting this case for jury trial and resolving other trial and jury-related issues, counsel advised the Court that ten trial days was sufficient to try this case and each side needed only 3.5 days to try this case. (docket # 139 at 3-4)  An extra day was budgeted after jury selection and opening statements to settle instructions and allow for a margin of error if the parties underbudgeted their time. Although the trial was eventually continued to begin on Tuesday, January 6, 2009, at Defendant's request due to the damage caused by Hurricane Ike in early September, 2008, the Court affirmed all other orders in its June 23, 2008 Scheduling Order. (docket # 153) (". . . each side shall be entitled to only 3.5 trial days after jury selection and opening statements on the first day[].")

        The Court has recently reviewed the unfiled and non-judge approved Proposed Final Pretrial Order, lodged on May 28, 2008. (docket # 121-2)  The Proposed Final Pretrial

1  Order indicates that with some overlapping, Plaintiff will call 23 trial witnesses and
2  Defendant will eight trial witnesses. Each side notes that she or it may call additional
3  witnesses. There are nearly 200 exhibits identified in the Proposed Final Pretrial Order, most
4  of which are stipulated in evidence.  Plaintiff's counsel estimated that her case will consume
5  33 hours; defense counsel estimates an additional 25 hours for its case. Assuming an
6  optimistic five-hour day of trial, not counting morning, lunch and afternoon breaks, 58 total
7  hours of trial convert to 11.6 days to try this case. It is now clear to the Court that reasonable
8  time limits need to be set, and enforced, to ensure that this trial concludes within the
9  budgeted time given by counsel and relied upon by the Court.

10        A district court has broad authority to impose reasonable time limits on the
11  presentation of evidence and argument at trial to prevent undue delay, waste of time, or
12  needless presentation of cumulative evidence. See, Fed.R.Evid. 403, 611; *Lutz v. Glendale*
13  *Union High School*, 403 F.3d 1061, 1071 (9th Cir. 2005); *Johnson v. Ashby*, 808 F.2d 676,
14  678 (8th Cir.1987);  *MCI Communications Corp. v. American Tel. & Tel. Co.*, 708 F.2d
15  1081, 1171 (7th Cir. 1983), *cert. denied*, 464 U.S. 891 (1983); *United States v. Article of*
16  *Drug Consisting of 572 Boxes, More or Less*, 415 F.2d 390, 392 (5th Cir. 1969). "[I]n this
17  era of crowded district court dockets federal district [and magistrate] judges not only may but
18  must exercise strict control over the length of trials, and are therefore entirely within their
19  rights in setting reasonable deadlines in advance and holding the parties to them . . . ."
20  *Lareau v. Page*, 840 F.Supp. 920, 933 (D. Mass. 1993) (quoting *Flaminio v. Honda Motor*
21  *Co.*, 733 F.2d 463, 473 (7th Cir. 1984) (internal quotation marks omitted), *affirmed by* 39
22  F.3d 384 (1st Cir. 1994).  "The Ninth Circuit specifically has approved of time limits based
23  upon parties' own estimates." *Daly v. Far eastern Shipping Co. PLC*, 238 F.Supp.2d 1231,
24  126 (W.D. Wash. 2003) (citing *Amarel v. Connell*, 102 F.3d 1494, 1513 (9th Cir. 1996),
25  *affirmed by*, 108 Fed.Appx. 476 (9th Cir. 2004).

26        The Court is contemplating setting a reasonable time limit of 22.5 total hours
27  (4.5 days x 5 hours per day) per side to try this case if the parties desire to maintain the
28  current trial date of January 6, 2009 for the agreed-upon 10 days. This reasonable time limit

- 2 -

would include each side's opening statement; direct, cross and redirect examinations; and final argument(s) as each side deems fit to use it. Consistent with *Lareau*, time allotments stated as a total number of hours means

> [e]ach party will be free to allocate time as that party chooses among different uses as long as its total allotment is not exceeded. By not allocating times for particular witnesses or proceedings, the proposal avoids the increased cost and delay associated with proceedings to reallocate time whenever the presumptive allotments are not appropriate to the case.
>
> An explicit purpose of this provision is to create an incentive for using trial time exclusively on issues material to a disposition on the merits. . . .

*Lareau v. Page*, 840 F.Supp. at 933.

On the Court's own motion,

**IT IS ORDERED** that the parties shall show cause in writing why this Court should not order that each side is limited to 22.5 hours to try this case. The parties shall file their responses to this OSC on or before **Monday, November 10, 2008** and optional replies to the adverse party's response by **Friday**, **November 21, 2008**. The Final Pretrial Order will not be filed until this issue is resolved. Absent a showing of good cause, failure to timely file a response shall be deemed that party's consent to 22.5 hours to try this case.

DATED this 31st day of October, 2008.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge